The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AURORA MINI MART, INC. d/b/a CAPITOL HILL AUTO; ABDULKARIM S. NAGI, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 2:26-cv-04430-TL<br><br>**STIPULATED MOTION AND ~~[PROPOSED]~~ ORDER (1) WITHDRAWING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER, (2) STAYING FINAL AGENCY DECISION PENDING JUDICIAL REVIEW UNDER 7 U.S.C. § 2023(a)(17), AND (3) TEMPORARILY STAYING PROCEEDINGS PENDING SETTLEMENT NEGOTIATIONS**<br><br>NOTE ON MOTION CALENDAR:<br>November 18, 2026 |

//

//

//

//

//

//

//

//

//



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. STIPULATED MOTION

Pursuant to Federal Rule of Civil Procedure 7(b), 7 U.S.C. § 2023(a)(17), 7 C.F.R. § 279.7(d), and Local Civil Rules 7(d)(1) and 10(g), Plaintiffs Aurora Mini Mart, Inc. d/b/a Capitol Hill Arco and Abdulkarim S. Nagi ("Plaintiffs") and Defendant United States of America (the "Government") (together, the "Parties"), through their undersigned counsel, stipulate and jointly move the Court for entry of the proposed order below, which would (1) deem withdrawn Plaintiffs' Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Be Entered (Dkt. 3) (the "TRO Motion"); (2) stay the effectiveness and enforcement of the Final Agency Decision pending judicial review; and (3) temporarily stay all other proceedings in this action while the Parties pursue settlement negotiations.

## II. BACKGROUND

1. This action seeks de novo judicial review under 7 U.S.C. § 2023(a)(13) and (15) of the October 27, 2026 Final Agency Decision of the U.S. Department of Agriculture, Food and Nutrition Administration ("FNA"), in Case No. C0295575 (the "Final Agency Decision"), which sustained a six-month disqualification of Plaintiffs' store from the Supplemental Nutrition Assistance Program ("SNAP") under 7 C.F.R. § 278.6(e)(5). Dkt. 1. Plaintiffs filed their Complaint on November 13, 2026. *Id.*

2. The Final Agency Decision states that the disqualification becomes effective thirty days after delivery. Plaintiffs contend the Final Agency Decision was delivered by email on October 29, 2026, such that the disqualification would take effect on or about November 28, 2026. Dkt. 3 at 7; Dkt. 4 ¶ 5.

3. On November 16, 2026, Plaintiffs filed the TRO Motion, supported by the declarations of Abdulkarim S. Nagi, Habtom Araya, and Brook Nezgebe (Dkts. 4–6), asking the Court to restrain enforcement of the Final Agency Decision and to set a hearing on a stay under 7 U.S.C. § 2023(a)(17). Dkt. 3.

4. Section 2023(a)(17) provides that, during the pendency of judicial review or any appeal, "the administrative action under review shall be and remain in full force and effect, unless



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

on application to the court on not less than ten days' notice, and after hearing thereon and a consideration by the court of the applicant's likelihood of prevailing on the merits and of irreparable injury, the court temporarily stays such administrative action pending disposition of such trial or appeal." 7 U.S.C. § 2023(a)(17); see also 7 C.F.R. § 279.7(d).

5. Since the TRO Motion was filed, counsel for the Parties have conferred and wish to explore a negotiated resolution of this action without expending the Court's and the Parties' resources on litigation.

## III. STIPULATION

The Parties stipulate and agree as follows, subject to the Court's approval:

6. **Stay of the Final Agency Decision.** The Government consents to entry of an order temporarily staying the Final Agency Decision, including the six-month disqualification of Plaintiffs from SNAP participation based on the Final Agency Decision, pending disposition of this action, including any trial or appeal, or until further order of the Court. During the stay, FNA shall not implement or enforce the disqualification against Plaintiffs, and Plaintiffs' SNAP authorization (FNA No. 0229266) shall continue on the same terms as before the Final Agency Decision. The Government waives the ten-day notice and hearing provided by 7 U.S.C. § 2023(a)(17) for purposes of this stipulated stay only. The Government further agrees that no bond or other security is required.

7. **Conditional withdrawal of the TRO Motion.** Plaintiffs' withdrawal of the TRO Motion is expressly conditioned on the Court's entry of the stay described in Paragraph 6. Upon entry of the proposed order below, the TRO Motion (Dkt. 3) shall be deemed withdrawn without prejudice. If the Court declines to enter the stay described in Paragraph 6, in whole or in material part, (a) Plaintiffs' withdrawal shall be of no force or effect, (b) the TRO Motion shall remain pending, and (c) the Parties jointly request that the Court promptly set a briefing and hearing schedule that permits a ruling before the disqualification takes effect. In that event, the Government reserves all arguments in opposition to the TRO Motion.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

8. **No admission by the Government.** The Government enters into this stipulation solely to stay the underlying administrative action and to facilitate settlement discussions. Nothing in this stipulation, the proposed order, or the Government's consent to the stay constitutes or shall be construed as an admission, concession, or finding that Plaintiffs are likely to prevail on the merits, that Plaintiffs or any other person would suffer irreparable injury absent a stay, or that Plaintiffs have satisfied any other element required for a stay under 7 U.S.C. § 2023(a)(17) or 7 C.F.R. § 279.7(d), or for a temporary restraining order or preliminary injunction under Federal Rule of Civil Procedure 65. The Government does not concede the validity of any factual allegation or legal argument in the Complaint, the TRO Motion, or the supporting declarations, and reserves all claims, defenses, and arguments. This stipulation shall not be offered or used by any Party as evidence or argument on any of those issues.

9. **No waiver by Plaintiffs.** Plaintiffs likewise reserve all claims, arguments, and remedies, including the right to renew a request for a stay or injunctive relief under 7 U.S.C. § 2023(a)(17) and Rule 65 if the stay described in Paragraph 6 is dissolved, modified, or not entered.

10. **Temporary stay of proceedings pending settlement.** All other proceedings and deadlines in this action, including the Government's deadline to answer or otherwise respond to the Complaint under Federal Rule of Civil Procedure 12(a)(2) and any deadlines under Federal Rule of Civil Procedure 26 and the Court's scheduling orders, shall be stayed for ninety (90) days from entry of the proposed order (the "Settlement Stay Period") so that the Parties may pursue settlement negotiations.

11. **Status reports and lifting the stay of proceedings.** The Parties shall file a joint status report on or before the earlier of (a) the expiration of the Settlement Stay Period or (b) fourteen (14) days after either Party notifies the other in writing that it has concluded settlement negotiations have reached an impasse. The joint status report shall advise the Court whether the Parties have reached a settlement, request an extension of the Settlement Stay Period, or propose a schedule for further proceedings, including a deadline for the Government to answer or otherwise



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

respond to the Complaint of no fewer than sixty (60) days after the stay of proceedings is lifted. The Parties may also jointly move to extend the Settlement Stay Period for good cause.

12. **Agency stay survives the settlement stay.** Expiration or lifting of the stay of proceedings described in Paragraphs 10 and 11 shall not affect the stay of the Final Agency Decision described in Paragraph 6, which shall remain in effect pending disposition of this action, including any trial or appeal, unless modified or dissolved by further order of the Court.

13. **Good cause.** Good cause exists for the requested relief. The stipulated stay of proceedings conserves the resources of the Court and the Parties, and allows the Parties to focus on a potential negotiated resolution. A district court has broad discretion to stay proceedings incident to its power to control its own docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

WHEREFORE, the Parties respectfully request that the Court enter the proposed order below.

IT IS SO STIPULATED.

DATED this 18th day of November, 2026.

By: /s/ Kristen R. Vogel
Kristen R. Vogel, NYBA #5195664
Assistant United States Attorney
United States Attorney's Office
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone: 206.553.1634
Email: Kristen.Vogel@usdoj.gov

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*

By: /s/ Rhys M. Farren
Rhys M. Farren, WSBA #19398
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004
Telephone: (425) 646-6132
Email: rhysfarren@dwt.com

Emily Parsons, WSBA #57061
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Email: emilyparsons@dwt.com

Chip English, *pro hac vice*
1301 K Street, Ste. 500 East
Washington, DC 20005
Telephone: (202) 973-4272
Email: chipenglish@dwt.com

*I certify that this memorandum contains 1,907 words, in compliance with the Local Civil Rules.*

## ~~[PROPOSED]~~ ORDER

THIS MATTER comes before the Court on the Parties' Stipulated Motion. The Court has reviewed the stipulation, the record, including Plaintiffs' TRO Motion and supporting declarations (Dkts. 3–6), and the applicable law. The Government has consented to the stay of the Final Agency Decision and has waived the notice and hearing provided by 7 U.S.C. § 2023(a)(17) for purposes of this stay. The Court also finds good cause to enter a stay of the proceedings as set forth below. The Government's consent is not a concession on any element of relief under 7 U.S.C. § 2023(a)(17) or Fed. R. Civ. P. 65, and this Order makes no findings on the merits binding on the Parties. Accordingly, IT IS ORDERED:

1. The Stipulated Motion is GRANTED.
2. Pursuant to 7 U.S.C. § 2023(a)(17) and 7 C.F.R. § 279.7(d), the Final Agency Decision of the U.S. Department of Agriculture, Food and Nutrition Service, dated October 27, 2026, in Case No. C0295575, including the six-month disqualification of Plaintiffs Aurora Mini Mart, Inc. d/b/a Capitol Hill Arco and Abdulkarim S. Nagi from SNAP, is STAYED pending disposition of this action, including any trial or appeal, or until further order of the Court. Defendant and its agencies shall not implement or enforce the disqualification against Plaintiffs during the stay. No bond is required.
3. Plaintiffs' Motion for Temporary Restraining Order and Order to Show Cause (Dkt. 3) is deemed WITHDRAWN without prejudice.
4. All other proceedings and deadlines in this action, including Defendant's deadline to answer or otherwise respond to the Complaint, are STAYED for ninety (90) days from the date of this Order.
5. The Parties shall file a joint status report on or before the earlier of (a) ninety (90) days from the date of this Order or (b) fourteen (14) days after either Party gives written notice that settlement negotiations have reached an impasse, advising whether the case has settled, requesting an extension of the stay of proceedings, or



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

proposing a schedule for further proceedings, including a deadline of no fewer than sixty (60) days after the stay is lifted for Defendant to answer or otherwise respond to the Complaint.

6. Expiration or lifting of the stay of proceedings in Paragraph 4 shall not affect the stay of the Final Agency Decision in Paragraph 2, which remains in effect unless modified or dissolved by further order of the Court.

IT IS SO ORDERED.

DATED this 18th day of November, 2026.

HONORABLE TANA LIN
United States District Judge

Presented By:

By: /s/ Rhys M. Farren

Rhys M. Farren, WSBA #19398
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004
Telephone: (425) 646-6132
Email: rhysfarren@dwt.com

Emily Parsons, WSBA #57061
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Email: emilyparsons@dwt.com

Chip English, *pro hac vice*
1301 K Street, Ste. 500 East
Washington, DC 20005
Telephone: (202) 973-4272
Email: chipenglish@dwt.com